**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-14-GW(FFMx) | Date | February 11, 2014 |
|---|---|---|---|
| Title | *Derrick Florence v. Wells Fargo Bank N.A., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER REMANDING ACTION TO STATE COURT**

**I. Background**

Plaintiff Derrick Florence ("Plaintiff") commenced this Action against Wachovia Mortgage FSB ("Wachovia")[1] and its successor Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") in state court on November 27, 2013. *See generally* Compl., Docket No. 1. Defendant removed the Action to this Court. *See generally* Notice of Removal, Docket No. 1. Plaintiff filed a First Amended Complaint ("FAC") in this Court on January 27, 2014. *See generally* FAC, Docket No 8. Plaintiff's claims arise from Defendant's purportedly wrongful conduct surrounding a $294,000 home loan that Plaintiff obtained from World Savings Bank, FSB ("World Savings") in April of 2007. FAC ¶ 19.[2] In the FAC, Plaintiff alleges one cause of action for negligence. *Id.* ¶¶ 29-35.

In its Notice of Removal, Defendant argued that the Court had federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 because the original Complaint alleged that Wells Fargo violated the federal government's Home Affordable Modification Program ("HAMP"). *See* Notice of Removal at 3-4. In other words, given that Plaintiff's original breach of contract claim was premised on

---

[1] Plaintiff erroneously sued Wachovia as "Wachovia Mortgage Corporation." Compl. at 1.

[2] After the loan was funded, World Savings changed its name to Wachovia Mortgage, FSB, effective December 31, 2007; in November of 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which merged into Wells Fargo Bank, N.A. that same day. *See generally* Def. Request for Judicial Notice ("RJN"), Docket No. 5, Exs. B, C, D, and E. The authenticity of these documents is capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Gamboa v. Tr. Corps & Cent. Mortg. Loan Servicing Co.*, No. 09-0007, 2009 U.S. Dist. LEXIS 19613, at *4-*10 (N.D. Cal. Mar. 12, 2009), *Hite v. Wachovia Mortgage*, No. 09-02884, 2010 U.S. Dist. LEXIS 57732, at *6-*9 (E.D. Cal. June 10, 2010).

|  | : |  |
|---|---|---|
| Initials of Preparer | JG | |

**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-14-GW(FFMx) | | Date | February 11, 2014 |
|---|---|---|---|---|
| Title | *Derrick Florence v. Wells Fargo Bank N.A., et al.* | | | |

Defendant's "refusal to comply with HAMP guidelines and FDIC directives" as well as Defendant's purportedly wrongful "dual tracking" practice (Compl. ¶ 16), Wells Fargo argued that federal questions were presented on the face of the Complaint. Notice of Removal at 5-6. Alternatively, Defendant argued that because the amount in controversy exceeds $75,000 and Plaintiff is a California citizen and Wells Fargo is solely "a citizen of South Dakota," the Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332.[3]

     Defendant filed a motion to dismiss the original Complaint on January 9, 2014, after which Plaintiff filed the FAC. *See generally* Docket Nos. 4, 8. Having determined that the Court lacks subject matter jurisdiction over this Action, the Court would vacate all pending hearings in this case and REMAND the matter to state court.

**II. Analysis**

     Federal courts are courts of limited jurisdiction and "can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate[.]" Schwarzer, Tashima, *et al.*, Cal. Practice Guide: Fed. Civ. Proc. Before Trial (2011) ("Schwarzer & Tashima") § 2:2; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, s*ee Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (internal citations omitted).

     Under 28 U.S.C. § 1331, district courts have subject matter jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if "federal law creates the cause of action" or if "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Schwarzer & Tashima § 2:586; *see also Vaden v. Discover Bank*, 556 U.S. 49, 50 (2009) ("Under the well-pleaded complaint rule, a suit 'arises under' federal law for 28 U.S.C § 1331 purposes 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'") (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Under 28 U.S.C. § 1332, federal courts also have subject matter jurisdiction based on diversity of citizenship when all plaintiffs are of different citizenship than all defendants and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; Schwarzer & Tashima § 2:1405; *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553-54 (2005).

     The citizenship of a national bank is governed by 28 U.S.C. § 1348, which states that "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of

---

[3] Defendant also claimed – and Plaintiff did not dispute – that Wachovia's citizenship was irrelevant, because it no longer exists. Notice of Removal at 12.

Initials of Preparer    JG

**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-14-GW(FFMx) | Date | February 11, 2014 |
|---|---|---|---|
| Title | *Derrick Florence v. Wells Fargo Bank N.A., et al.* | | |

the States in which they are respectively located." In *Wachovia Bank v. Schmidt*, the Supreme Court interpreted the statute to mean that "a national bank, for § 1348 purposes, is a citizen of the state in which its main office, as set forth in its articles of association is located." 546 U.S. 303, 307 (2006). However, the Supreme Court did not address the issue of whether a national bank may *also* be a citizen of the state in which it has its principal place of business, as the location of the national bank's main office and its principal place of business coincided in *Schmidt*. *Id.* at 315 nn. 8-9.

Here, the Court would conclude that there is no basis for federal question jurisdiction. In the FAC, Plaintiff asserts a single claim for common law negligence. *See generally* FAC. Even assuming the FAC could somehow be construed as alleging claims premised on Defendant's purported breaches of HAMP (*e.g.,* FAC ¶ 16), Defendant correctly acknowledges that "[n]umerous district courts have interpreted identical HAMP agreements and have come to the conclusion that a borrower [such as Plaintiff] is not a third party beneficiary" to those agreements. Docket No. 4 at 30-31. "As a result, a borrower does not have standing to sue its lender for alleged violation of the lender's HAMP agreement." *Id.*; *see also Meyer v. Wells Fargo Bank*, N.A., No. 13-03727 WHA, 2013 U.S. Dist. LEXIS 172418, at *5 (N.D. Cal. Dec. 6, 2013) ("While our court of appeals has not yet addressed this question, courts in this district have held that a borrower does not have standing to sue, as intended third-party beneficiaries, its lender for violation of the lender's HAMP agreement with the United States"). Thus, no federal question is presented "on the face of plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).[4]

Nor does diversity jurisdiction exist. Plaintiff is a citizen of California, and this Court has taken the position that Defendant Wells Fargo is a citizen of *both* South Dakota and California. *See, e.g., Mojica v. Wells Fargo Bank, N.A., et al.*, CV 12-1608-GW, Docket No. 12 at 2 (Mar. 12, 2012). Other California district courts have also found that a national bank has dual citizen-ship in the state where its main office is located and its principal place of business.[5] *See, e.g.*, *Martinez v. Wells Fargo Bank*, No. 12-6006-EMC, 2013 U.S. Dist. LEXIS 72075, at *40 (N.D. Cal. May 21, 2013); *Adams v. Wells Fargo Bank, N.A.*, No. 13-256-MCE, 2013 U.S. Dist. LEXIS 65353, at *6 (E.D. Cal. May 3, 2013); *Ortiz v. Wells Fargo Bank, N.A.*,

---

[4] The Court notes that Plaintiff does not allege he entered into or was offered any Trial Payment Plan ("TPP") with Defendant. *Cf. Corvello v. Wells Fargo Bank, N.A.*, 728 F.3d 878, 884 (9th Cir. 2013) ("Where, as here, borrowers allege . . . that they have fulfilled all their obligations under the TPP, and the loan servicer has failed to offer a permanent modification, the borrowers have valid claims for breach of the TPP agreement.").

[5] The Ninth Circuit has yet to definitively rule on this question, and *Rouse, et al. v. Wachovia Mortgage, FSB* remains pending before the Court of Appeals. *See generally Rouse, et al. v. Wachovia Mortg., FSB*, Case No. 12-55278. This Court recognizes that some district courts within the Ninth Circuit have reached a contrary conclusion and found that a national banking association's principal place of business does not give rise to citizenship for the purposes of jurisdictional analysis. *See, e.g.*, *Kim v. Wells Fargo Bank, N.A.*, No. 12-2066-EJD, 2012 U.S. Dist. LEXIS 108596, at *10 (N.D. Cal. Aug. 2, 2012); *Flores v. Wells Fargo Bank, N.A.*, No. 11-6619-JSC, 2012 U.S. Dist. LEXIS 32648, at *6 (N.D. Cal. Mar. 12, 2012).

:

Initials of Preparer    JG

**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-14-GW(FFMx) | Date | February 11, 2014 |
|---|---|---|---|
| Title | *Derrick Florence v. Wells Fargo Bank N.A., et al.* | | |

No. 13-60-GPC, 2013 U.S. Dist. LEXIS 56661, at *13 (S.D. Cal. Apr. 19, 2013). [6] Absent further direction from the Ninth Circuit or the Supreme Court, the Court finds that Plaintiff is a citizen of the same state as Defendant, and complete diversity is therefore lacking. *See* 28 U.S.C. § 1332.

### III. Conclusion

Given that this dispute is based on neither federal law nor diversity of citizenship, the Court lacks subject matter jurisdiction over Plaintiff's claims. Therefore, the Court REMANDS this matter back to state court (bc528998).

---

[6] The Court is also aware that some judges in the Central District have recently changed their positions. *See Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1061 (C.D. Cal. 2012) (acknowledging that the Court had previously concluded that Wells Fargo was a California citizen, but nevertheless altering its position to find that Wells Fargo is not a California citizen because "[a]t the time Congress attempted to create jurisdictional parity between state and national banks, state banks could be sued only where they were incorporated"); *Kasramehr v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 52930, at *5 (C.D. Cal. May 17, 2011) (reversing the Court's earlier position in *Mount v. Wells Fargo Bank, N.A.* and concluding that a national banking association is not also a citizen of the state of its principal place of business).

| | : |
|---|---|
| Initials of Preparer | JG |